UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH ANN S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:23-CV-6055-DWC <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") properly evaluated the medical opinion evidence and Plaintiff's subjective symptom testimony. The ALJ also did not harmfully err in assessing Plaintiff's residual functional capacity ("RFC") and did not err at step five. Accordingly, the Court affirms the ALJ's decision in finding Plaintiff not disabled.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff protectively filed for DIB on August 23, 2017, alleging disability as of November 4, 2016. *See* Dkt. 11; Administrative Record ("AR") 93-94. 112. The application was

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 1

denied upon initial administrative review and on reconsideration. *See* AR 108, 130. The ALJ issued an unfavorable decision in February 2020 and the Appeals Council denied Plaintiff's request for review. AR 1-6, 23-48. After Plaintiff filed a complaint at the United States District Court for the District Court of Nevada in December 2020, the parties stipulated to remand this for further proceedings. AR 2145-47. The ALJ held a hearing on remand on March 8, 2023 (AR 2060-2105) and issued a decision on August 25, 2023 finding Plaintiff not disabled. AR 1968-2059. Plaintiff, who now resides in Clark County, Washington, appealed to this Court on November 20, 2023. Dkt. 6.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ Properly Evaluated Medical Opinion Evidence**

Plaintiff contends the ALJ erred in discounting the medical opinions of Dr. Jonathan Sorelle and Ms. Karen Crawford. Dkt. 11 at 6-9.

Under the rules applicable to this case, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.152c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. § 404.1520c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and

the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. § 404.1520c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. § 404.1520c(c)(2). Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

      A.      **Dr. Sorelle**

Dr. Sorelle completed a questionnaire regarding Plaintiff's manipulative limitations. AR 1958-60. He indicated Plaintiff's diagnoses include bilateral carpal tunnel, and opined Plaintiff has significant limitations with reaching, handling, or fingering. AR 1958-59. He opined that in an eight-hour workday, Plaintiff can use her hands to twist objects 50 percent of the time, her fingers to manipulate 45 percent of the time, and her arms to reach, including overhead, five percent of the time. AR 1959.

The ALJ found Dr. Sorelle's opinion unpersuasive and discounted it because of its inconsistency with other evidence in the record. AR 2041-42. The ALJ's assessment is well supported by the record. Evidence cited by the ALJ includes neurophysiological consultations showing Plaintiff had intact sensation, though she had decreased light touch involving her right thumb, and full strength, though she also had mild giveway weakness in her right upper extremity. AR 2449. A second consultation assessing possible paresthesia or radial nerve injury with Plaintiff's hands revealed normal results. AR 2450. An electrodiagnostic testing of Plaintiff's upper extremities showed she had full muscle strength throughout her bilateral upper extremity, and negative Tinel's, Phalen's, and bilateral carpal compression tests. AR 1826. A nerve conduction study for her hand was described as normal. AR 1828. Examinations by pain

1  specialists similarly revealed full strength in her bilateral upper extremities, full strength in her
2  left hand grip, and almost full strength in her right hand grip. AR 1707-22, 3197, 3211. The
3  record also shows Plaintiff frequently denied hand pain and reported improvement from
4  medication. AR 1264, 1268, 1272, 1276, 1707-22, 3197, 3202, 3211. Given the multiple
5  examinations revealing normal results and Plaintiff's reports of either no hand pain or
6  improvement from treatment, the ALJ reasonably found Dr. Sorelle's opinion inconsistent with
7  Plaintiff's record.

        **B.**       **Ms. Crawford**

Ms. Crawford completed functional capacity evaluations to measure Plaintiff's material handling capabilities and assess her strength. AR 805-21, 1411-21. Ms. Crawford opined Plaintiff is unable to perform sedentary work, in part due to her inability to functionally grip, grasp, lift, or use her hands for any fine motor tasks.[1] AR 805, 1411.

The ALJ first discounted Ms. Crawford's opinion because it was not supported by her own findings. AR 2043. The ALJ's analysis is not supported by substantial evidence, as the ALJ focused only on Ms. Crawford's findings concerning Plaintiff's upper extremities. *See* AR 806, 1416. Given that Ms. Crawford's evaluation also included examinations specifically for Plaintiff's hands and that Ms. Crawford's opinion was based in part on Plaintiff's inability to use her hands, the ALJ erred in disregarding the evidence relating to her handling limitations.

However, the ALJ did not err in discounting Ms. Crawford's opinion for its inconsistency. In finding Ms. Crawford's opinion unpersuasive, the ALJ referred to the objective medical evidence cited in discounting Dr. Sorelle's opinion. AR 2043-44. As discussed, they

---

[1] Ms. Crawford also opined Plaintiff is unable to perform sedentary work because of exertional, postural, positional, and mental limitations. AR 805, 1411. Plaintiff challenges only the ALJ's evaluation of Ms. Crawford's opinion regarding her handling limitations, therefore the Court only addresses this portion of the ALJ's evaluation.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 4

show Plaintiff had full or nearly full strength and otherwise normal findings with her hands and upper extremities. AR 1707-22, 1826-28, 2449-50, 3197, 3211. The ALJ also pointed out Plaintiff's reports of improvement from her treatments. AR 1264, 1268, 1272, 1276,1707-22, 2042, 3197, 3202, 3211. Evidence demonstrating Plaintiff's full strength in her hands and normal findings of Plaintiff's upper extremities undermines Ms. Crawford's opinion. Therefore, in discounting Ms. Crawford's opinion for its inconsistency with the record, the ALJ did not err Further, as the ALJ's inconsistency finding was reasonable, the ALJ's error in discounting Ms. Crawford's opinion for its lack of supportability is rendered harmless. *See Woods*, 32 F.4th at 793 (affirming the ALJ's rejection of a medical opinion based on an inconsistency finding alone, rather than both supportability and inconsistency findings).

### C.    Other Medical Opinion Evidence

Plaintiff also contends the ALJ erred by rejecting every medical opinion evidence in her record. Dkt. 11 at 10-12. Plaintiff further contends that because the ALJ did so, the ALJ impermissibly relied on her own lay opinion to fashion Plaintiff's RFC. *Id*. The Court disagrees for several reasons.

First, a claimant's RFC is based "on all of the relevant medical *and* other evidence," therefore a proper RFC assessment does not hinge solely on the evaluation of medical opinion evidence. *See* 20 C.F.R. § 404.1545(a)(3)(emphasis added). Second, the regulations require the ALJ to *articulate* how persuasive he or she finds all of the medical opinions based on the factors set forth under 20 C.F.R. § 404.1520c(c)(1)-(c)(5). *See* 20 C.F.R. § 404.1520c(b). They do not state that the ALJ is prohibited from rejecting all medical opinions. What the ALJ is prohibited from is rejecting them "without providing an explanation supported by substantial evidence." *See Woods*, 32 F.4th at 792. Plaintiff has not shown the ALJ did so here. Plaintiff merely recites the

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 5

opinions of several medical sources while putting forward no substantive argument as to how the ALJ erred in evaluating them. Dkt. 11 at 10-12.

The Court is also not convinced by Plaintiff's contention that the ALJ's rejection of every medical opinion "supports an inference that [the ALJ]…impermissibly relied on her own lay opinion." Dkt. 11 at 11-12. It is error for an ALJ to substitute his or her layperson personal observations of a claimant for the opinions of claimant's treating physicians. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011). But Plaintiff has not shown the ALJ supplanting the medical sources' opinions and findings with her own observations about Plaintiff's impairments. Additionally, the Court found the ALJ permissibly discounted Dr. Sorelle's and Ms. Crawford's opinions, and Plaintiff left unchallenged the ALJ's evaluation of the remaining medical opinions in her record.

Plaintiff also suggests the ALJ should have further developed the record before rejecting all medical opinion evidence. Dkt. 11 at 12. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). But Plaintiff does not identify the ambiguities in the medical opinions and has not shown the record was inadequate to support the ALJ's evaluation.

Because Plaintiff has failed to show how the ALJ erred in evaluating other medical opinion evidence, how the ALJ impermissibly replaced expert opinion in favor or her own layperson interpretation, and where the record needed further developing, the Court declines to disturb the ALJ's findings. Plaintiff's cursory arguments, without further elaboration, cannot by themselves establish harmful error. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d

1145, 1164 (9th Cir. 2003)) (noting the Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief).

## II. Whether the ALJ Erred in Assessing her RFC

Plaintiff contends the ALJ failed to quantify her hand limitations in her RFC. Dkt. 11 at 10. The ALJ assessed, in relevant part, that Plaintiff has "fingering, feeling and handlings limitation bilaterally," but provided no indication as to how often Plaintiff could partake in this activity. AR 2027.

The ALJ uses a claimant's RFC at steps four and five to determine what jobs the claimant is able to perform and ultimately conclude whether a claimant is disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014). Specifically, the ALJ incorporates the limitations in the claimant's RFC in the hypotheticals posed to the vocational expert ("VE"), who in turn testifies about the jobs the claimant is able to perform given those limitations. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The overall decision of the ALJ regarding a claimant's disability, therefore, is dependent on an RFC—and the hypotheticals derived from the RFC—that take into account all of the claimant's limitations supported by the record. *See id*.

Defendant acknowledges the ALJ's articulation of Plaintiff's RFC was not "ideal" but contends any error is harmless. Dkt. 13 at 9-10. The Court agrees. While the ALJ's written decision did not include how often Plaintiff could use her hands, a reading of the transcript shows the ALJ included "frequently" when she posed her questions to the VE. AR 2087. In the first hypothetical, the ALJ asked the VE to consider an individual whose limitations included, in relevant part, occasional overhead reaching bilaterally, *frequent* reaching in other directions bilaterally, and fingering, feeling, and handling *all at frequent* bilaterally. *Id*. The VE replied

such an individual could perform Plaintiff's past relevant work, as well as other jobs. AR 2087-88. The ALJ relied on the jobs testified to by the VE in finding Plaintiff not disabled, and as further discussed below, *infra* Section IV, at least one of those jobs is available in significant numbers in the national economy. AR 2045-48. Therefore, the ALJ's omission of "frequently" in Plaintiff's RFC from the written decision was harmless. *See Molina*, 674 F.3d at 1115 (explaining that "an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion'") (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

### III.  Whether the ALJ Properly Evaluated Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred in evaluating her testimony. Dkt. 11 at 12–14.

Plaintiff first disputes the agency's use of the term "credibility" in assessing her testimony. Dkt. 11 at 13. Plaintiff correctly points out the use of the term was eliminated from the agency's sub-regulatory policy because it is not included in the regulations and to "clarify that subjective symptom evaluation is not an examination of an individual's character. *See* Social Security Ruling ("SSR") 16-3p. However, Plaintiff fails to show the ALJ used the term in the assessment of her testimony or that the ALJ impermissibly engaged in examining her character as an individual, rather than her medical record.

Plaintiff also argues the ALJ did not comply with the regulations and SSR 16-3p by failing to consider her willingness to work. Dkt. 11 at 13-14. The regulations do state the ALJ will "*consider* all of the evidence presented, including information about [the claimant's] prior work record" but they do not expressly require the ALJ to *discuss* a claimant's work history. 20 C.F.R. § 404.1529(c)(3) (emphasis added). SSR 16-3p is also absent of any such requirement. Plaintiff argues case law has "long recognized the regulatory and rational basis for this

requirement," but Plaintiff's citations are either inapplicable here, or from outside of this circuit and thus unpersuasive. *See* Dkt. 11 at 13-14. For example, Plaintiff specifically directs the Court to *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007), but in that case, the Ninth Circuit determined the ALJ erred by discounting the claimant's testimony based on an unreasonable interpretation of the claimant's work history, not due to the ALJ's failure to discuss it. In sum, Plaintiff has failed to show the ALJ erred in discounting her symptom testimony.

### IV.    Whether the ALJ Erred at Step Five

Plaintiff contends the ALJ erred by failing to reconcile the conflict between the VE's testimony and the jobs identified by the ALJ at step five. Dkt. 11 at 14-17.

In determining whether a claimant is disabled, an ALJ may consult various sources, including the Dictionary of Occupational Titles ("DOT") and a VE. *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017). An ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether or not the testimony conflicts with the Dictionary of Occupational Titles [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007). "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (citing *Massachi*, 486 F.3d at 1153–54).

Here, relying on the testimony of the VE, the ALJ determined at steps four and five that Plaintiff is able to perform her past relevant work as an administrative assistant (DOT 169.167-010), as well as the following jobs: (1) marking clerk (DOT 209.587-034), (2) dispatch marker (DOT 222.587-038), and (3) cashier II (DOT 211.462-010), which exist in 400,000 jobs

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 9

nationally. AR 2045-46. Plaintiff contends the ALJ erred by failing to reconcile the conflict between these jobs and her RFC, given the DOT states they require "*frequently* reaching and handling" while the ALJ limited her to *occasionally* reaching overhead.[2] Dkt. 11 at 14-17; AR 2027, 2045-46.

Defendant argues there was no conflict to resolve with respect to cashiering given the Ninth Circuit determined in *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) that a claimant can still perform the work of a cashier even if limited to occasional reaching overhead. Dkt. 13 at 14-15. In *Gutierrez*, the Ninth Circuit explained that though "reaching connotes the ability to extend one's hands and arms in any direction, not every job that involves reaching requires the ability to reach overhead," and that "[c]ashiering is a good example" of such a job. *See id*. (internal quotations and citations omitted).

Plaintiff avers the Ninth Circuit later clarified in *Lamear,* 865 F.3d at 1205, that it is not likely that a claimant with overhead reaching limitations can perform the duties of a cashier. Dkt. 11 at 15-16. The Court does not agree with Plaintiff's suggestion that the Ninth Circuit made a blanket ruling that occasional overhead reaching and frequent reaching limitations always conflict with one another. In *Lamear*, the Ninth Circuit directed the ALJ to resolve on remand whether a claimant who can only occasionally reach overhead with his left upper extremity can perform the duties of a cashier, given that it is unclear from the record, the DOT, and common experience whether cashiering requires use of both hands. 865 F.3d at 1204. Here, however, Plaintiff is limited to occasional overhead reaching *bilaterally*, that is, with both upper

---

[2] Plaintiff also contends the jobs conflict with the DOT because they require frequent reaching and handling. Dkt. 11 at 15. However, the ALJ assessed Plaintiff is able to frequently reach in other directions. AR 2027. Further, as discussed earlier, *supra*, Section II, even though it was not included in the written decision, the ALJ assessed Plaintiff is able to frequently finger, feel, and handle bilaterally. Therefore, there would be no conflict with regards to these limitations.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 10

extremities, and Plaintiff is able to frequently reach in other directions, finger, feel, and handle *bilaterally*. *See* AR 2027, 2087. As the conflict the ALJ in *Lamear* failed to contemplate is not present here, the finds the Ninth Circuit's rationale in *Gutierrez* more applicable to this case.[3]

Defendant suggests that even if there was a conflict, the ALJ nonetheless asked the VE about the inconsistencies between her testimony and DOT and the VE provided an explanation, therefore the ALJ was permissible in relying on the VE's testimony. Dkt. 13 at 15 n. 4. When there is a conflict between the VE's testimony and the DOT, "[t]he ALJ must ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination." *See Zavalin*, 778 F.3d at 846 (internal quotations and citations omitted). Plaintiff, however, argues the VE did not provide the basis for her testimony. Dkt. 11 at 16. However, the record shows that during the hearing, the VE explained that inconsistencies between her testimony and the DOT were based on several sources: her professional experience, her use of a software that sources information from governmental and employment surveys which are commonly used in her profession, and her own research. AR 2096-2100.

Plaintiff also argues that even if the VE did provide a basis for the inconsistencies, the VE's response was insufficient. Dkt. 11 at 16-17. Reasonable explanations for inconsistencies between a VE's testimony and the DOT include, but are not limited to: (1) a VE knowing information about a particular job's requirements not listed in the DOT because the VE obtained the information from employers, or from the VE's experience in job placement or career

---

[3] Plaintiff also cites to *Marney v. Berryhill,* No. 3:15-CV-01759-JE, 2017 WL 4391716, at *1 (D. Or. Sept. 12, 2017) and *Hall v. Berryhill*, No. 3:16-CV-01699-JR, 2018 WL 1135705, at *11 (D. Or. Mar. 2, 2018) but the Court does not find these cases analogous. As Plaintiff states in her Reply, many Social Security cases are fact specific. Dkt. 14 at 5. The jobs in consideration in *Marney* are not the same ones considered here, and the claimant in *Hall*, like the one in *Lamear*, was limited to reaching unilaterally.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 11

counseling, and (2) a VE having more specific information regarding the "range of requirements of a particular job as it is performed in specific settings." SSR 00-4p. Given that one of the VE's sources included information from employers, the record supports the VE's explanation for the inconsistencies as being consistent with this standard. Accordingly, the ALJ was entitled to rely on the VE's testimony.

Having found no "obvious or apparent" conflict between Plaintiff's overhead reaching limitation and her ability to perform the duties of a cashier, and given the ALJ properly inquired about any potential conflicts, the Court need not address the other jobs testified to by the VE. Even if there were any possible unresolved conflicts, the 400,000 positions available in the national economy for the cashier job is more than sufficient to meet the 25,000 figure the Ninth Circuit has determined as "a significant number of jobs in the national economy." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014); AR 2046, 2088. Accordingly, the Court finds no harmful error with the ALJ's findings at step five.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is AFFIRMED.

Dated this 21st day of May, 2024.

David W. Christel
United States Magistrate Judge